# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHERMAN RAINES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06-CV-618-JCH ) |
| JAMES G. WOODWARD, CYNTHIA DAVIS, CLARENCE FINLEY, CATHERINE HANAWAY, SUZANNE J. MOORE, MARIA C. SANCHEZ, BILL FOX, and LORI MILLER-TAYLOR, | ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Sherman Raines for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*,

580 F.2d 302, 306 (8th Cir. 1978), *cert. denied,* 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

### The complaint

Plaintiff seeks monetary damages in this cause of action brought pursuant to 42 U.S.C. § 1983. Named as defendants are James G. Woodward (Clerk of Court), Cynthia Davis (supervisor), Clarence Finley (clerk), Catherine Hanaway (United States Attorney), Suzanne J. Moore (Assistant United States Attorney), Maria C. Sanchez (Assistant United States Attorney), Bill Fox (clerk) and Lori Miller-Taylor (Deputy Chief Clerk).

Plaintiff alleges that, between March 10, 2006, and March 30, 2006, defendants harassed and intimidated him, discriminated and retaliated against him, and conspired to aggravate his mental health condition because of his race (African-American) and gender (male), and because of his "prior E.E.O. activity" and his filing civil suits against the United States Postal Service.

Plaintiff alleges that, on March 10, 2006, a white female employee of the United States Department of Justice refused, because of racism, to stamp his list of names and witnesses, filed in *Raines v. Potter*, 4:05-cv-221-RWS (E.D.Mo. 2005), and refused to allow him to speak to a supervisor. Plaintiff further alleges that on March 29, 2006, defendant Finley, a black male, was waiting on him at the front counter of the United States District Court Clerk's Office when defendant Davis, a white female, ordered defendant Finley to go to lunch and stated that she would wait on

plaintiff. Plaintiff alleges that defendant Davis then stated that she would not make him any copies because she was working the front counter alone; he would have to wait until defendant Finley returned from lunch, or he could leave the documents to be copied later. Plaintiff states that he decided to wait, apparently because he believed that the Clerk's Office was tampering with his copies. Plaintiff states that, after he waited approximately fifty minutes, defendant Davis told him that the Clerk's Office would not be making him copies that day and that he should leave the documents and pick them up the following day. According to plaintiff, at that time, all of the people in the Clerk's Office, including the security guard, were white. Plaintiff states that he left the documents to be copied. Plaintiff alleges that all named defendants are aware of his mental illness because all have access to his case files, which include his medical record.

## Discussion

Having carefully reviewed the complaint, the Court concludes that the instant action is legally frivolous. Plaintiff has failed to assert any specific allegations against defendants James G. Woodward, Clarence Finley, Catherine Hanaway, Suzanne J. Moore, Maria C. Sanchez, Bill Fox or Lori Miller-Taylor.

As to the unknown white female in the United States Department of Justice Office, plaintiff's claim is identical to a previous claim filed by plaintiff in this Court, which was dismissed as being in flagrant violation of a prior Court Order and "'malicious' under § 1915(e)." *See Raines v. Potter*, 4:05-cv-221-RWS, Docs. 40, 44. Res judicata precludes consideration of this claim which the Court previously reviewed and dismissed. *Micklus v. Greer*, 705 F.2d 314, 316 (8th Cir. 1983) (where claims and parties are identical, plaintiff is barred by res judicata from relitigating the issue).

As to the only named defendant against whom plaintiff has made specific allegations, defendant Davis, it is unclear exactly what civil rights plaintiff is claiming defendant violated. As plaintiff himself states, "most times, not all times," the Clerk's Office can provide him with copies on the same day that he requests them. At other times, presumably based on the number of staff available or how busy the intake area is, plaintiff can pick up his copies on the following day. The Court finds nothing discriminatory in this policy and practice.

In light of plaintiff's claim of civil rights violations, the Court will liberally construe the complaint as a *Bivens*-type[1] action for monetary damages. Given that plaintiff does not allege any sort of prejudice relative to filing or accessing previously-filed cases, he has not stated an access-to-the-courts claim. *See Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *Grady v. Wilken*, 735 F.2d 303, 306 (8th Cir. 1984).

Plaintiff's claim that he was retaliated against "for prior EEO activity" and for filing civil suits against the United States Post Office is baseless and nonsensical. His statement that defendants harassed and intimidated him, discriminated and retaliated against him, and conspired to aggravate his mental health condition because of "sex - male, race - black" is insufficient to state a Fourteenth Amendment equal protection claim. Although plaintiff's factual allegations are to be liberally construed, the Court will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded. For these reasons, plaintiff's claim is legally frivolous.

Last, a Court "may determine that an action is 'malicious,' and thus subject to dismissal, by referring to objective factors such as the circumstances and history surrounding the

---

[1] Suits for monetary damage against federal officials for the violation of constitutional rights are authorized under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged." *Raines v. Martin,* 2005 WL 1474119, *3 (E.D.Mo. 2005) (citing *Spencer v. Rhodes,* 656 F.Supp. 458, 463 (E.D.N.C.1987), *aff'd* 826 F.2d 1059 (4th Cir.1987)). "An action is 'malicious' when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right." *Id*. (citing *Spencer*, 656 F. Supp. at 461-63). After reviewing the complaint in this case, the Court concludes that plaintiff filed this action, not to vindicate a legitimate right but rather to harass or intimidate, or both, the named defendants by dragging them through the federal judicial system. He seeks five million dollars in damages, yet he wholly fails to set forth a single constitutionally-protected right that allegedly was violated. As such, the Court also dismisses this action as malicious under 28 U.S.C. § 1915(e)(2)(B).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] be **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and malicious and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 17th day of April, 2006.

    **/s/ Jean C. Hamilton**
    **UNITED STATES DISTRICT JUDGE**